# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lucinda Gottschalk, | CIVIL ACTION NO.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| NCO Financial Systems, Inc., *a foreign professional corporation,* | |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Lucinda Gottschalk ("Gottschalk" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. ("NCO" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection

agency from an address of 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with American Express (US) which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before February 2010.

9. On or about February 17, 2010, NCO communicated directly with Plaintiff by U.S. mail in an attempt to collect this debt from Plaintiff. *See* Exhibit 1.

10. NCO's letter dated February 17, 2010 was the first written communication Plaintiff received from NCO regarding this debt.

11. Plaintiff's attorney wrote directly to NCO on or about March 9, 2010 in response to NCO's letter dated February 17, 2010 to dispute this debt, request verification thereof, and to inform NCO that Plaintiff was represented an attorney. *See* Exhibit 2.

12. NCO received the letter from Plaintiff's attorney on March 16, 2010. *See* Exhibit 3.

13. On or about March 27, 2010, NCO communicated directly with Plaintiff by U.S. mail in an attempt to collect this debt from Plaintiff. *See* Exhibit 4.

14. As of March 17, 2010, NCO did not provide Plaintiff's attorney or Plaintiff with verification of this alleged debt.

15. NCO violated 15 U.S.C. § 1692c(a)(2) because NCO communicated directly with Plaintiff when NCO had actual knowledge that Plaintiff was represented by an attorney.

16. NCO violated 15 U.S.C. § 1692g because NCO did not provide verification of this debt and continued to try and collect this debt after receiving a letter disputing this debt.

17. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by NCO.

18. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of NCO's acts and omissions.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

20. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

21. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

22. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

23. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and;

4

- For such other and further relief as may be just and proper.

Dated:  April 21, 2010.                                **MARSO AND MICHELSON, P.A.**


                                                By:    s/Patrick L. Hayes
                                                     Patrick L. Hayes (0389869)
                                                       Attorneys for Plaintiff
                                                       3101 Irving Avenue South
                                                       Minneapolis, Minnesota 55408
                                                      Telephone: 612-821-4817
                                                      phayes@marsomichelson.com